# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 2, 2007

Clifford W. Taylor,
Chief Justice

131829

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

C.C. MID WEST, INC.,
　　　　　Plaintiff-Appellant,

v

SC: 131829
COA: 265667
Oakland CC: 1997-550272-NZ

HOWARD McDOUGALL, ROBERT J.
BAKER, ARTHUR H. BUNTE, JR., R.V.
PULLIAM, SR., JOE ORRIE, JERRY
YOUNGER, GEORGE J. WESTLEY,
RAY CASH, and RONALD J. KUBALANZA,
　　　　　Defendants-Appellees.

_____/

On order of the Court, the application for leave to appeal the June 27, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

I concur in the order denying leave to appeal, but do so on the basis that plaintiff failed to state a valid claim of tortious interference with a contract or business expectancy. In particular, I believe that plaintiff failed to introduce sufficient evidence that defendants' communication about the potential effect of continued employment by plaintiff on the truckers' self-contribution rights amounted to a "'per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship'" with plaintiff. *CMI Int'l, Inc v Internet Int'l Corp*, 251 Mich App 125, 131 (2002) (citation omitted). Rather, defendants demonstrated that they communicated the information as part of a legitimate plan-related activity, i.e., offering beneficiaries detailed plan information in order to help them decide whether to remain with the plan. *Varity Corp v Howe*, 516 US 489, 502-503 (1996). Therefore, plaintiffs failed to show that defendants committed tortious interference with a contract or business expectancy.

I disagree, however, with the analysis of the Court of Appeals that, because the manner in which the pension fund was administered was allegedly a factor in plaintiff's claims, the instant suit is subject to the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, preemption. Although offering beneficiaries pension plan information in order to help them decide whether to remain with a plan constitutes "plan-related" activity, I do not believe that the application of Michigan tort law to the communication of allegedly fraudulent information is preempted. Rather, Michigan's tort law "affect[s] employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v Delta Air Lines*, 463 US 85, 100 n 21 (1983). The imposition of common-law tort liability is an area of the law historically left to the states and there is no indication that Congress intended that such authority be preempted by ERISA. See *Firestone Tire & Rubber Co v Neusser*, 810 F2d 550, 555-556 (CA 6, 1987).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 2, 2007

Clerk

p0130